Jones, J.
(dissenting). Concluding that it is not necessary to reach the double jeopardy issue, I would affirm for the other reasons set forth in the opinion of Mr. Justice Louis J. Capozzoli at the Appellate Division. In my view this record discloses precisely the situation to which the proviso clause at the end of CPL 310.50 (subd 2) is addressed.
I quite agree with the statement of the majority that (p 361), "whatever caused the jury’s confusion, the verdict rendered was not in accordance with the court’s instructions”. We all agree that this triggered the application of subdivision 2. The majority appears then to apply the provisions of that subdivision with the proviso clause excised; I would apply the provisions of the subdivision in their entirety.
Phrased more starkly the position of the majority appears to be that the (p 361) "evident confusion” which gave rise to the improper verdict at the same time vitiated the finding of not guilty on the third count. I can only conclude that in practical effect the court has thereby deleted the proviso clause. I could argue that as a matter of policy it would be preferable if there were no proviso in subdivision 2, thus relegating a defendant to protection under double jeopardy principles. But I would *363 feel constrained to leave the accomplishment of such a result to the legislative branch.
It could not be more clear that the jury’s initial verdict in this case was not in accordance with the court’s instructions. Similarly it could not be more clear on this record that on that initial imperfect verdict the jury found defendant not guilty on count three. Following the jury’s announcement of its verdict as to the first count, the following colloquy took place:
"the court: All right; do I understand that having found the defendant Frank Salemmo guilty of the first count, criminal sale of a dangerous drug in the third degree, that you did not consider the other two counts; is that right?
"the foreman: No, your Honor; we did consider it.
"the court: And what did you do with those?
"the foreman: We have 'Not guilty for the criminal possession of a dangerous drug in the third degree.’ ”
This is precisely the situation to which the proviso clause of subdivision 2 was addressed: "provided that if it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count”. (Emphasis added.)
I agree that the record in this case may be read as disclosing an unequivocal intention on the part of the jury to convict respondent of something. I think it unmistakable, however, that at the point in their deliberations when CPL 310.50 (subd 2) became applicable, it was clear that the jury then intended to find defendant not guilty on count three, criminal possession of a dangerous drug in the third degree. That being so the statute mandates an acquittal on that count.
Chief Judge Breitel and Judges Gabrielli and Fuchsberg concur with Judge Jasen; Judge Jones dissents and votes to affirm in a separate opinion in which Judges Wachtler and Cooke concur.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.